■ JANET HOWARD, Respondent, v. JOHN C. HOWARD, Appellant.— In an action for divorce, in which a judgment had been entered June 29, 1962 granting the divorce to the plaintiff wife against the defendant husband, awarding permanent alimony to her for her support and for the support of their infant son, and granting to her the custody of said infant with visitation rights to the husband; and in which the wife thereafter moved to adjudge the husband in contempt for his default in the alimony payments, to modify the judgment with respect to its provisions for alimony and custody, and for a counsel fee, the husband appeals: (1) from an order of the Supreme Court, Westchester County, entered April 17, 1964 upon the court's opinion-decision after a nonjury trial of the issues, which granted the wife's motions to the extent of: (a) adjudging him in contempt of court and fining him $455; (b) directing

him, *nunc pro tunc* as of April 8, 1963, to pay $165 per week for her exclusive support and modifying the divorce judgment accordingly; (c) awarding $1,722.70 to the wife and her attorney for the attorney's fee and disbursements upon the motions; and (d) directing entry of a judgment in the wife's favor for said sums of $455 and $1,722.70; and (2) from the judgment of said court entered April 21, 1964 upon such order. Judgment of April 21, 1964 affirmed, without costs. Order of April 17, 1964 modified on the law by adding a new decretal paragraph directing that the sixth decretal paragraph of the said divorce judgment of June 29, 1962 be amended so as to award custody of the said infant son to the defendant husband with such visitation rights to the plaintiff wife as the court may hereafter prescribe; and action remitted to the Special Term for the purpose of fixing such visitation rights of the wife. As so modified, the order is affirmed, without costs. The findings of fact implicit in the Special Term's decision are affirmed. The defendant's time to purge himself of his contempt by payment of the $455 fine is extended until 20 days after service of a copy of the order entered hereon. The divorce judgment directed the defendant to pay to the plaintiff for her support and maintenance and for the maintenance and education of the infant son, then about 16 years of age, $225 a week up to and including September 30, 1962 and $200 a week thereafter. Such permanent alimony was awarded by the court pursuant to a stipulation of the parties waiving a hearing as to the defendant's financial condition and fixing the amount thereof. No proof was taken at that time as to the defendant's financial circumstances. The said stipulation was made after a finding by the court that the defendant had committed adultery. Temporary alimony had previously been awarded. Subsequently, the defendant assumed the burdens of the custody, maintenance and education of said infant son who had developed additional psychiatric problems. Special Term held that the award of $165 a week was adequate for the plaintiff's own needs and was justified by the defendant's financial condition; that inquiry by the plaintiff's counsel into the defendant's financial condition had been frustrated by the "defendant's and his associates' evasive and secretive conduct during the trial"; and that, although the court was unable to fix the defendant's exact annual income, the court was satisfied from the evidence at the extensive hearings that the defendant was financially able to pay plaintiff $165 a week and also to continue to support the infant son. We agree with Special Term's findings. It is our opinion that under all the circumstances the Special Term did not improvidently exercise its discretion either: (a) in fixing the permanent alimony for the plaintiff's exclusive support and maintenance at $165 a week (cf. *Bishop* v. *Bishop*, 15 A D 2d 494; *Alpert* v. *Alpert*, 20 A D 2d 560; *Addis* v. *Addis*, 73 N. Y. S. 2d 843); or (b) in fixing the plaintiff's counsel fee and disbursements at $1,722.70. With respect to the custody of the infant son, it appears that plaintiff had consented that such custody be awarded to the defendant. In its decision, Special Term directed that the judgment be "further modified to provide that the custody of the infant son of the parties is awarded to defendant with reasonable rights of visitation to plaintiff." However, the order thereafter entered failed to effectuate the decision; through inadvertence the order failed to provide for the change in custody and for the appropriate amendment of the divorce judgment. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hopkins, JJ., concur.